## ARKANSAS v. TENNESSEE.*

No. 9, Original.　　　　　Decree entered October 14, 1940.

### DECREE.

Came on this cause to be heard upon the bill of complaint, the answer and cross-bill of the defendant thereto, the replication of the complainant to such answer and cross-bill, the Report of the Special Master heretofore filed in this cause, the exceptions filed thereto by the complainant and the argument of the parties when, after consideration thereof, the Court doth order, adjudge and decree as follows:

### I.

That the exceptions of complainant, State of Arkansas, to the Report of the Special Master herein are hereby overruled and said Report in all things is confirmed and approved.

### II.

That the complainant, State of Arkansas, is not entitled to recover of the defendant, State of Tennessee, the lands described in Count I of the complainant's bill but that the State of Tennessee, upon its answer and cross-bill is decreed to be entitled to exercise jurisdiction thereover.

---

*For the opinion in this case, see 310 U. S. 563.

1

### III.

That the boundary between the State of Arkansas and State of Tennessee at the point opposite the lands described in Count I of the bill of complaint in this cause is hereby decreed to be the thalweg or channel of the Mississippi River as the same flowed on October 28, 1935, the date of the filing of the original bill herein.

### IV.

That the formation known as Bluegrass Towhead is expressly decreed to be under the jurisdiction and a part of the State of Tennessee.

### V.

That the boundary line between the two states at the points described in Count II of the bill of complaint is hereby decreed to run as follows:

"BEGINNING at a point in the Mississippi River at approximate north latitude 35–48–20, west longitude 89–44–12, said point being at the mouth of the chute of said river separating Forked Deer Island from Island 25; running thence through the center of said chute as follows:

North 74 degrees 15 minutes west 6500 feet to monument #1 (not physical); thence north 79 degrees 15 minutes west 2250 feet to monument #2 (not physical); thence south 550 feet to monument #3 on the bank of said chute from which:

South 88 degrees 30 minutes east 21 feet;

South 37 degrees east 14½ feet, cottonwood pointers: thence south 72 degrees west 2400 feet to monument #4 from which:

South 59 degrees 45 minutes west 8 feet;

South 22 degrees 30 minutes east 7 feet;

North 51 degrees east 5 feet, cottonwood pointers, being at a "T" corner of present fence;

thence south 72 degrees west following present fence in general 2761 feet to monument #5, from which:

. North 34 degrees east 10 feet;

South 25 degrees west 8 feet;

North 16 degrees 30 minutes west 16 feet;

· South 66 degrees 30 minutes west 15 feet, cottonwood pointers:

thence south 43 degrees 45 minutes west following present fence in general 2268 feet to monument #6, from which:

· Mississippi River Commissioner's Bench Mark (Forked Deer) bears south 57 degrees 15 minutes east 724 feet;

thence south 43 degrees 45 minutes west following present fence in general 3963 feet to monument #7 from which:

North 2 degrees 30 minutes east 4.5 feet;

North 55 degrees 30 minutes west 12 feet;

South 52 degrees 30 minutes west 10 feet;

South 38 degrees 30 minutes west 14 feet, cottonwood pointers;

thence south 30 degrees 45 minutes west following present fence in general 1400 feet to monument #8, from which:

South 63 degrees west 16 feet;

South 13 degrees 30 minutes east 17 feet, cottonwood pointers;

thence south 30 degrees 45 minutes west 500 feet to monument #9 (not physical) in the center of the chute separating Forked Deer Island from the Arkansas main shore;

thence with the chute as follows:

South 17 degrees 15 minutes east 2650 feet to monument #10 (not physical);

thence south 8 degrees 30 minutes west 800 feet to monument #11 (not physical);

thence south 23 degrees 30 minutes west 600 feet to monument #12 (not physical);

4

thence south 34 degrees 15 minutes west 1400 feet to monument #13 (not physical);
thence south 50 degrees west 1200 feet to monument #14 (not physical) in said chute, at approximate north latitude 35–46–21, west longitude 89–48–22.

Magnetic variation 5 degrees 15 minutes."

## VI.

That W. H. Green of Covington, Tennessee, and O. W. Gauss of Osceola, Arkansas, be and they are hereby appointed Commissioners for the purpose of establishing the boundary above designated in connection with the lands described in Count II. The Commissioners, after first taking an oath to fully and impartially perform the duties required of them by this decree, will go upon the lands in question and designate the boundary herein fixed by the erection of at least four permanent station monuments of concrete or other durable material at angle points upon the line herein decreed to be the true boundary. In addition thereto, they will erect four monuments of like permanent character at points deemed by them to be not subject to erosion by the Mississippi River, as reference monuments, two referring to each terminus of the line herein decreed, which monuments shall be fixed by appropriate courses and distances from the terminal points of the line as herein decreed. The Commissioners herein named are authorized to procure such assistance as may be deemed necessary by them for the effective discharge of the functions herein imposed upon them. In the event of a disagreement between the two Commissioners, either party to the litigation may apply to the Court, if in session or to the Chief Justice thereof in vacation, for the appointment of a third Commissioner.

After completing their labors, the Commissioners will file with the Clerk of this Court a report setting forth

the performance of the duties as herein imposed and a schedule of their disbursements in the premises. Upon application to the Clerk of this Court, the Commissioners or either of them will be furnished with a copy of this decree as their authority for their actions in the premises.

All other matters are reserved until the coming in of the Report of the Commissioners.